IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ORDER REQUIRING APPLE, INC. TO ASSIST IN THE EXECUTION OF A SEARCH WARRANT ISSUED BY THIS COURT | Case No. **15 MISC 1902**<br><br>APPLICATION |

## INTRODUCTION

The United States of America, by and through Kelly T. Currie, Acting United States Attorney, and Lauren Howard Elbert, Assistant United States Attorney, hereby moves this Court under the All Writs Act, 28 U.S.C. § 1651, for an order requiring Apple, Inc. ("Apple") to assist in the execution of a federal search warrant by bypassing the lock screen of an iOS device, specifically, an Apple iPhone 5.

## FACTS

The United States Drug Enforcement Administration ("DEA") currently has in its possession an iOS device that is the subject of a search warrant issued by this Court. The warrant is attached as Exhibit A. Inspection of the iOS device reveals that it is locked. Law enforcement agents have tried to unlock the telephone but have failed. Because the iOS device is locked, law enforcement agents are not able to examine the data stored on the iOS device as commanded by the search warrant.

The iOS device is an iPhone 5 labeled DEA Exhibit N-67, with IMSI number 310260572923753 and telephone number (908) 463-3333.

Apple, the creator of the iOS operating system and producer of the iOS device, may be capable of retrieving data stored on the iOS device that is not currently accessible to DEA because the iOS device is locked. This Application seeks an order requiring Apple to use any such capability, so as to assist agents in complying with the search warrant.

## DISCUSSION

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43 (1985). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice... and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.,* 434 U.S. 159, 174 (1977). Specifically, in *United States v. New York Tel. Co.,* the Supreme Court held that the All Writs Act permitted district courts to order a telephone company to effectuate a search warrant by installing a pen register. Under the reasoning of *New York Tel. Co.*, this Court has the authority to order Apple to use any capabilities it may have to assist in effectuating the search warrant.

The government is aware, and can represent, that in other cases, courts have ordered Apple to assist in effectuating search warrants under the authority of the All Writs Act. Additionally, Apple has complied with such orders.

The requested order would enable agents to comply with this Court's warrant commanding that the iOS device be examined for evidence identified by the warrant. Examining the iOS device further without Apple's assistance, if it is possible at all, would require significant

2

resources and may harm the iOS device. Moreover, the order is not likely to place any unreasonable burden on Apple.

                                                                             Respectfully submitted,

                                                                             _____
                                                                             Lauren Howard Elbert
                                                                             Assistant United States Attorney
                                                                             718-254-7577

Date:   October 8, 2015