

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

October 30, 2015

By Hand and ECF

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   In re Order Requiring Apple Inc. to
>       Assist in the Execution of a Search Warrant
>       Docket No. 15 Misc. 1902 (JO)

Dear Judge Orenstein:

On October 29, 2015, the government filed a letter with the Court advising it of the guilty plea entered in United States v. Jun Feng, 14-CR-387 (MKB).  ECF No. 22.  In response to that letter, the Court entered an Order on October 30, 2015 directing the government to explain why its application for an Order under the All Writs Act, 28 U.S.C. § 1651, directing Apple Inc. to assist in the execution of a search warrant, is not moot.  For the reasons set forth below, the government respectfully submits that its application is not moot because it presents a live case or controversy.

"A case becomes moot when it no longer satisfies the 'case or controversy' requirement of Article III Section 2 of the Constitution.  In order to satisfy the 'case or controversy' requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision."  United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999).

This matter is not moot because a federal court has issued a search warrant, based upon probable cause, authorizing law enforcement to seize evidence of narcotics offenses that is stored on the Target Phone, and that search warrant still cannot be executed without the relief sought in the pending application.  Feng pleaded guilty to a narcotics conspiracy, and the government's investigation into that conspiracy is ongoing.  The underlying search warrant authorizes the government to seize evidence relating to Feng "and others," including "customers" and "sources of drugs."  See Application, Exhibit A at Attachment B.  The government still seeks to obtain that evidence.

Also, the <u>Feng</u> matter remains ongoing until sentencing and judgment is entered in the case.

Because the government is not able to obtain the evidence sought in the search warrant by virtue of Apple's passcode protection installed on the Target Phone, it has an ongoing injury that is likely to be redressed by a favorable judicial decision.  For the reasons set forth above, the government respectfully submits that its application presents a live case or controversy, and is not rendered moot by Feng's guilty plea.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:     /s/_____
Lauren Howard Elbert
Saritha Komatireddy
Ameet Kabrawala
Assistant U.S. Attorneys
(718) 254-7577/6054/6001

cc:     Marc Zwillinger, Esq. (counsel to Apple Inc.) (by ECF)

2