

1900 M Street, NW, Ste. 250, Washington, D.C. 20036
*marc@zwillgen.com*

Marc J. Zwillinger
(202) 706-5202 (phone)
(202) 706-5298 (fax)

February 12, 2016

VIA ELECTRONIC FILING
The Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *In re Order Requiring Apple Inc. to Assist in the Execution of a Search Warrant Issued by the Court*, No. 15-MC-1902

Dear Judge Orenstein:

    We write regarding the government's October 30, 2015 letter to the Court addressing whether the government's application for an All Writs Act Order to Apple was rendered moot by the guilty plea of the defendant in the criminal case for which the evidence was sought. Apple too believes that this matter is not moot, and that a live case or controversy remains before this court for decision.

    The government sought in its application an All Writs Act Order requiring Apple to assist law enforcement in its investigative efforts by bypassing the security of an Apple device belonging to a criminal defendant and in the government's possession. After the parties fully briefed and argued whether the government's application had a proper basis in law, the criminal defendant pled guilty to narcotics conspiracy. The Court subsequently directed the government to explain why its application was not moot. In its response, the government took the position that its application was not moot because the government still sought evidence from the device as part of a continuing investigation, and because the criminal defendant had yet to be sentenced or judgment entered. *See* ECF No. 25.

    Apple agrees that this matter is not moot. Apple takes no position on whether and to what extent information from the Apple device in the government's possession is relevant to any ongoing investigation, or necessary for the criminal defendant's sentencing. But Apple has received additional requests similar to the one underlying the case before this Court. Apple has also been advised that the government intends to continue to invoke the All Writs Act in this and other districts in an attempt to require Apple to assist in bypassing the security of other Apple devices in the government's possession. To that end, in addition to the potential reasons this matter is not moot that the

government identifies, this matter also is not moot because it is capable of repetition, yet evading review. *See, e.g., United States v. New York Tel. Co.*, 434 U.S. 159, 190 n.6 (1977) ("Although the pen register surveillance had been completed by the time the Court of Appeals issued its decision on July 13, 1976, this fact does not render the case moot, because the controversy here is one 'capable of repetition, yet evading review.'")

Resolving this matter in this Court benefits efficiency and judicial economy. The question of whether the All Writs Act can properly compel a third party like Apple to assist law enforcement in its investigative efforts by bypassing the security mechanisms on its device has been fully briefed and argued. The Court is thus already in a position to render a decision on that question. Doing so would be more efficient than starting the debate anew when the government attempts to use the same methods and make the same arguments in another court, particularly where both parties agree that this matter is not moot.

        Sincerely,

        /s/ Marc J. Zwillinger

        Marc J. Zwillinger

cc: All Counsel of Record (via ECF)