

**U.S. Department of Justice**


*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*


February 22, 2016


<u>By Hand and ECF</u>


The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  In re Order Requiring Apple Inc. to
> Assist in the Execution of a Search Warrant
> <u>Docket No. 15 Misc. 1902 (JO)</u>

Dear Judge Orenstein:

The government respectfully submits this letter in response to Apple Inc.'s letter to the Court dated February 17, 2016.

In its letter, Apple provided a list of All Writs Act orders that it has received during the pendency of this case.  The government does not request any redactions to the list.  As Apple's submission makes clear -- and as the government has confirmed -- numerous judges around the nation have found it appropriate, under the All Writs Act, to require Apple to assist in accessing a passcode-locked Apple device where law enforcement agents have obtained a warrant to search that device.[1]

This Court also ordered Apple to specify, for each order, whether it "opposed the request or otherwise sought or obtained an opportunity to be heard on it before it was resolved."  In its letter, Apple stated that it had "objected" to some of the orders.  That is misleading.  Apple did not file objections to any of the orders, seek an opportunity to be heard from the court, or otherwise seek judicial relief.  The orders therefore remain in force and are not currently subject to litigation.

In most of the cases, rather than challenge the orders in court, Apple simply deferred complying with them, without seeking appropriate judicial relief.  In one case (in the Southern District of California), Apple indicated that it <u>would</u> assist the government in

---

[1] Indeed, the government has identified at least one additional All Writs Act order, issued in the District of Massachusetts, for an iPhone 5S with iOS version 8.3.

accessing a passcode-locked device once the government provided it with a new copy of the order's language in a different format (embedded within the warrant rather than alongside it).

Only more recently, in light of the public attention surrounding an All Writs Act order issued in connection with the investigation into the shootings in San Bernardino, California, has Apple indicated that it will seek judicial relief, in that matter.  Apple's position has been inconsistent at best.[2]  The overwhelming weight of law and precedent continues to support the government's application in this case.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:      /s/ _____
Lauren Howard Elbert
Ameet Kabrawala
Saritha Komatireddy
Assistant U.S. Attorneys
(718) 254-7000


cc:     Marc Zwillinger, Esq. (counsel to Apple Inc.) (by ECF)

---

[2] Even in this case before this Court, Apple expressly agreed to assist the government in accessing the data on the device at issue until its assistance was made public by this Court.