

1900 M Street, NW, Ste. 250, Washington, D.C. 20036
marc@zwillgen.com

Marc J. Zwillinger
(202) 706-5202 (phone)
(202) 706-5298 (fax)

March 24, 2016

VIA ELECTRONIC FILING
The Honorable Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     <u>In re Order Requiring Apple Inc. to Assist in the Execution of a Search Warrant Issued by the Court</u>, No. 14 Cr. 387 (MKB); No. 15 MC 1902 (JO)

Dear Judge Brodie:

      We represent Apple Inc. in the above-referenced matter. We write to respectfully request that the Court stay the current briefing schedule until at least 10 days after the Department of Justice ("DOJ") submits its status report in *In the Matter of the Search of an Apple iPhone Seized During the Execution of a Search Warrant on a Black Lexus IS300, California License Plate 35KGD203*, No. 5:16-cm-00010 (C.D. Cal.) (the "San Bernardino Matter"), to allow the parties to review that status report and advise the Court on how it may affect this matter. Apple conferred with the government about its request to modify the briefing schedule. The government indicated that it did not oppose a fourteen day extension of Apple's deadline to respond to the government's application for an All Writs Act order, but did not want to join in Apple's rationale for such request. The government further indicated that after Apple filed its letter, the government would review and consider how to respond.

      Apple and the DOJ are presently litigating related legal issues in the San Bernardino Matter. An evidentiary hearing and argument on Apple's motion to vacate an order compelling assistance under the All Writs Act was scheduled in that matter for March 22, 2016. On the afternoon of March 21, 2016, the DOJ submitted an application to continue that hearing. *See* San Bernardino Matter, ECF No. 191 (attached as Exhibit A). In its application, the DOJ revealed that "an outside party demonstrated to the FBI a possible method for unlocking" the subject iPhone, but that "testing [was] required to determine whether it is a viable method that will not compromise data" on the phone. *Id.* The DOJ acknowledged that "[i]f the method is viable, it should eliminate the need for assistance from [Apple] set forth in the All Writs Act Order in this case." *Id.* The DOJ asked to further update the court via status report on April 5, 2016. *Id.* The court granted the application the

same day, vacating the March 22 hearing and ordering the DOJ to submit a status report on April 5. *See* San Bernardino Matter, ECF No. 199 (attached as Exhibit B).

As in the San Bernardino Matter, the DOJ argues in this case that an All Writs Act order is appropriate because Apple's assistance is *necessary* to effectuate the search warrant issued by the Court. *See, e.g.,* ECF No. 30 at 3 ("[T]he government cannot access the contents of the phone and execute the warrant without Apple's assistance."); *see also id.* at 41 ("The government does not have any adequate alternatives to obtaining Apple's assistance."). This is a disputed issue. Judge Orenstein concluded in his opinion that that the government "failed to establish that the help it seeks from Apple is necessary" as required by *New York Telephone*. ECF No. 29 at 48. Apple expects to similarly contest the necessity requirement in connection with the DOJ's application to this Court.

The iPhone in this case runs an older operating system (iOS 7) than the iPhone in the San Bernardino Matter (iOS 9). Regardless of what the DOJ concludes regarding whether the method being evaluated in San Bernardino works on the iPhone here, it will affect how this case proceeds. For example, if that same method can be used to unlock the iPhone in this case, it would eliminate the need for Apple's assistance. On the other hand, if the DOJ claims that the method will not work on the iPhone here, Apple will seek to test that claim, as well as any claims by the government that other methods cannot be used.[1]

The outcome of the DOJ's evaluation will not be known until April 5, when the DOJ submits its status report in the San Bernardino Matter. In the interim, both the Court and the parties lack sufficient information to determine the most appropriate way for this matter to proceed. Going forward without such information would be highly inefficient. Briefly staying the briefing schedule to allow these matters to crystalize is appropriate in light of the public importance of this issue. Moreover, the government's application has been pending since October of last year, and, as the Court is aware, the criminal defendant whose phone the renewed application relates to has already pled guilty. Accordingly Apple respectfully requests that the Court stay the current March 31, 2016 due date for Apple's response to the DOJ's application until after the DOJ files its status report in the San Bernardino Matter on April 5, 2016. Apple further requests that the parties be required to submit a status report (either jointly or with each side presenting its own position on how to proceed) no later than April 11, 2016.

---

[1] In the San Bernardino Matter, the DOJ submitted in support of its Opposition to Apple's Motion to Vacate, the declaration of Stacey Perino, Technical Director of the FBI's Cryptologic and Electronic Analysis Unit. *See* San Bernardino Matter, ECF No. 149-3. In that declaration, Mr. Perino identified a variety of methods and tools that he claimed could bypass security mechanisms on certain Apple devices. *See id.* at ¶¶ 25-28. It is unclear whether the government analyzed any of the methods or tools identified by Mr. Perino.

We thank the Court for its consideration and can be available at the Court's convenience to address any questions or concerns.

Respectfully submitted,

/s/ Marc J. Zwillinger

Marc J. Zwillinger (admitted *pro hac vice*)
Jeffrey G. Landis (admitted *pro hac vice*)
ZWILLGEN PLLC
1900 M Street, NW, Ste. 250,
Washington, D.C. 20036
Telephone: (202) 706-5202

Theodore J. Boutrous, Jr. (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000

Alexander H. Southwell
Mylan L. Denerstein
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 48th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000

*Attorneys for Interested Party Apple, Inc.*

cc: All Counsel of Record (via ECF)

# Exhibit A

EILEEN M. DECKER
United States Attorney
PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division
TRACY L. WILKISON (California Bar No. 184948)
Chief, Cyber and Intellectual Property Crimes Section
Assistant United States Attorney
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400
    Facsimile: (213) 894-8601
    Email: Tracy.Wilkison@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF AN APPLE IPHONE SEIZED DURING THE EXECUTION OF A SEARCH WARRANT ON A BLACK LEXUS IS300, CALIFORNIA LICENSE PLATE #5KGD203 | ED No. CM 16-10 (SP)<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR A CONTINUANCE<br><br>Current Hearing Date: March 22, 2016<br>Current Hearing Time: 1:00 p.m.<br><br>Location: Courtroom of the Hon. Sheri Pym |

    Applicant United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files this *Ex Parte* Application for a Continuance, requesting that the hearing currently set for March 22, 2016 be vacated and that the government file a status report by April 5, 2016.

    This Application is based upon the attached memorandum of points and

///

authorities, the files and records in this case, and such further evidence and argument as this Court may permit.

Dated: March 21, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division

*/s/ Tracy Wilkison*

TRACY L. WILKISON
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

2

# MEMORANDUM OF POINTS AND AUTHORITIES

Since the attacks in San Bernardino on December 2, 2015, the Federal Bureau of Investigation ("FBI") has continued to pursue all avenues available to discover all relevant evidence related to the attacks.

Specifically, since recovering Farook's iPhone on December 3, 2015, the FBI has continued to research methods to gain access to the data stored on it. The FBI did not cease its efforts after this litigation began. As the FBI continued to conduct its own research, and as a result of the worldwide publicity and attention on this case, others outside the U.S. government have continued to contact the U.S. government offering avenues of possible research.

On Sunday, March 20, 2016, an outside party demonstrated to the FBI a possible method for unlocking Farook's iPhone. Testing is required to determine whether it is a viable method that will not compromise data on Farook's iPhone. If the method is viable, it should eliminate the need for the assistance from Apple Inc. ("Apple") set forth in the All Writs Act Order in this case.

Accordingly, to provide time for testing the method, the government hereby requests that the hearing set for March 22, 2016 be vacated. The government proposes filing a status report with the Court by April 5, 2016.

On March 21, 2016, at approximately 2:45 p.m., the United States Attorney contacted counsel for Apple to request Apple's position on this *ex parte* Application, and counsel for Apple requested a telephonic status conference with the Court.

# Exhibit B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CM 16-00010-SP | Date | March 21, 2016 |
|---|---|---|---|
| Title | In the Matter of the Search of an Apple iPhone Seized During the Execution of a Search Warrant on a Black Lexus IS300, California License Plate 35KGD203 | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge |
|---|---|

| Vangelina Pina, | Adele Frazier |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Applicant: | Attorneys Present for Respondent: |
|---|---|
| Tracy Wilkison, AUSA, | Theodore Boutrous |
| Patti Donahue, AUSA | Nicola Hanna |
| | Eric Vandevelde |
| | Marc Zwillinger |
| | Bruce Sewell (General Counsel) |
| | Noreen Krall |

**Proceedings:** (Telephonic Conference) Order Granting Government's Ex Parte Application to Vacate Hearing set for March 22, 2016 [191]

A Conference Call in this matter was held on March 21, 2016. Assistant United States Attorneys Tracy Wilkison and Patti Donahue appeared on behalf of the government. Theodore Boutrous, Nicola Hanna, Eric Vandevelde, Marc Zwillinger, Bruce Sewell (General Counsel), and Noreen Krall appeared on behalf of respondent, Apple Inc.

The court and counsel conferred regarding the government's Ex Parte Application for a Continuance (docket no. 191). Based on the good cause shown in that application, and based on Apple's nonobjection to vacating the hearing, the court ORDERS:

    1.    The hearing in this matter set for March 22, 2016 at 1:00 p.m. is VACATED;
    2.    As there is presently uncertainty surrounding the government's need for Apples's assistance, the court's February 16, 2016 Order Compelling Apple, Inc. to Assist Agents in Search, in case number ED 15-451-M, is hereby stayed, pending further submissions in this case; and
    3.    The government is ordered to file a status report by April 5, 2016.

    .15 min.
Initials of Deputy Clerk: VP

| CV-90 (10/08) | **CIVIL MINUTES - GENERAL** | Page 1 of 1 |
|---|---|---|